Filed 3/5/25  P. v. Soliz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C099917 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21CR000151, 21CR003251, 22CR000899) |
| v. | |
| RUBEN SOLIZ, | |
| Defendant and Appellant. | |

After defendant Ruben Soliz violated his probation in three separate cases, the trial court sentenced him to an aggregate term of three years, four months.  He now contends the court abused its discretion by not permitting him to seek residential treatment for drug addiction and by imposing the middle term.  Finding no merit to these contentions, we affirm.

FACTS AND HISTORY OF THE PROCEEDINGS

On January 30, 2021, defendant was stopped for a traffic violation.  After defendant admitted to having a methamphetamine smoking pipe, the police officer found a bag containing methamphetamine.  The People charged him in case No. 21CR000151

1

(No. 151) with possession of methamphetamine (Health & Saf. Code, § 11377) (statutory section citations that follow are found in the Health and Safety Code unless otherwise set forth) and possession of an opium pipe (§ 11364). Defendant pleaded guilty to the possession charge.

In December 2021, the People charged defendant in case No. 21CR003251 (No. 251) with possession of methamphetamine (§ 11377, subd. (a)) and possession of an ingestion device (§ 11364, subd. (a)). Defendant pleaded guilty to the possession charge.

The trial court placed defendant on drug treatment probation pursuant to Proposition 36 in both cases.

In April 2022, the People charged defendant in case No. 22CR000899 (No. 899) with possession of methamphetamine (§ 11377, subd. (a)) and possession of a smoking device. (§ 11364, subd. (a)). Defendant again pleaded guilty to the possession charge. Defendant admitted to violating probation in case No. 151 and case No. 251 based on possession of a controlled substance. The trial court placed defendant on probation in case No. 899 and reinstated probation in case No. 151 and case No. 251.

In April 2023, the probation department filed probation violation notices in all three cases asserting that defendant tested positive for methamphetamine on several occasions and signed a drug use admission stating that he used methamphetamine. Defendant admitted the violations.

The supplemental probation report described defendant's behavior on probation as "poor." The report further stated: "Overall, the defendant has not remained sober while under supervision. The defendant has participated in multiple out-patient programs with little success. The defendant has had numerous chances and has been given sanctions for his drug use. Although the defendant has maintained communication with probation and has stable employment, it does not outweigh his continued substance use." The report detailed defendant's lengthy criminal history, which included a total of six felony convictions and three misdemeanor convictions.

At sentencing, defendant requested that the trial court admit him to a residential treatment program or, in the alternative, sentence him to the lower term. The court stated, "I know that you have an addiction. I understand that, but probation has literally bent over backwards to assist you and to provide you every opportunity; and I just, quite frankly, Mr. Soliz, I think you're at the end of the line. [¶] . . . how many chances do you think you should get?" Defendant responded: "My health has a lot to do with it right now. I am under doctor's care. I have to do surgery, and that has a lot to do with it." The court stated it thought defendant had already tried residential treatment, but defendant clarified he had not. The court responded that, "in any event, I think you've just run out of opportunities here." The court sentenced defendant to two years (the middle term) for the possession conviction in case No. 151 and eight months each (one-third of the middle term) for the other possession convictions in case No. 251 and case No. 899.

Defendant timely appealed. The trial court granted him a certificate of probable cause.

## DISCUSSION

Defendant argues the trial court abused its discretion in denying both his request for admission to a residential treatment program and his alternative request to be sentenced to the lower term. He asserts that the court refused to consider the role his health problems played in his continued substance abuse and improperly dismissed his chance for success at a residential program.

We review discretionary sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) In so doing, we presume the trial court was aware of and followed the applicable law (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114), that it "considered all of the relevant factors" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), and that it acted to achieve legitimate sentencing objectives (*People v. Carmony*

3

(2004) 33 Cal.4th 367, 376-377). " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court['s] . . . discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Carmony*, at pp. 376-377.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)

Here, the trial court considered the health challenges faced by defendant and also understood that defendant had not previously attempted a residential treatment program. Nonetheless, the court concluded that admission to a residential treatment program was not warranted based on defendant's prior poor performance on probation and his limited success with outpatient treatment programs. There is nothing irritational or arbitrary about that decision. Nor was the court's selection of the middle term arbitrary or capricious, especially given defendant's extensive criminal history. The trial court was well within its discretion to impose the sentence it chose.

DISPOSITION

The judgment is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
ROBIE, J.

_____
KRAUSE, J.

4